Law Offices of Sara L. Bloom
1120 Huffman Rd. Ste 24-785
Anchorage, AK 99515
(907) 519-3613
f(907) 345-8570
sara@907lawyer.com

Attorney for the Plaintiff Ka West

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

AT ANCHORAGE

| | | |
|---|---|---|
| KA WEST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. |
| v. | ) | |
| | ) | |
| ALASKA AIRLINES, INC. | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

Plaintiff Ka West ("Plaintiff" or "Ms. West") by and through undersigned counsel files her complaint against Defendant Alaska Airlines, Inc. ("Defendant" or "AA").

## JURISDICTION AND PARTIES

1. This is an action for violations of the Family Medical Leave Act of 1993 ("FMLA") 29 U.S.C. § 2601, *et seq.*, Americans With Disability Act Amendments Act ("ADAAA"), 42 U.S.C. § 12101, *et seq.,* and pendent

state claims including a violation of the Alaska Human Rights Act AS § 18.80.220. Plaintiff was improperly denied family medical leave, and as a result of the denial, was terminated from her employment and suffered retaliatory discharge for applying and/or taking family medical leave in violation of the FMLA and was discriminated on the basis of disability in violation of ADAAA and Alaska State Law under AS § 18.80.220 and other state laws.

2. Plaintiff's claims arise out of her employment relationship with Defendant in Anchorage.

3. Ms. West is a female with a disability over the age of 18 and is a citizen of Alaska and resides in Anchorage.

4. Defendant is a corporation incorporated in Seattle, Washington that does business and operates as an airline throughout Alaska and worldwide and has over 10,000 employees.

5. Ms. West made a charge of discrimination with the Equal Employment Opportunity Commission and received a right to sue letter from the Commission on or about January 25, 2018 and has filed her suit within ninety (90) days.

6. The events out of which this controversy arose occurred in Anchorage, Alaska.

7. This Court has jurisdiction over this matter pursuant to 29 U.S.C. § 2617, 42 U.S.C. § 12112(a), 28 USC § 1331, and supplemental jurisdiction over the state law claims pursuant to 28 USC § 1367.

## VENUE

8. The claims asserted in this action arose in this district and the alleged discrimination and damages arose in this district. Venue of this action is proper pursuant to 29 U.S.C. § 2617 and 28 U.S.C. § 1391.

## FACTS

9. Ms. West began her employment with Defendant on January 22, 2007, as a customer service agent.

10. Ms. West received excellent performance reviews.

11. At all times during her employment, Ms. West had unused vacation and sick leave.

12. In fact, on or about April 28, 2011, Ms. West forfeited 11.2 hours of vacation leave because she did not use sufficient vacation and it could not be rolled over to the following year.

13. In 2012, Plaintiff was diagnosed with endometriosis and started developing debilitating symptoms.

14. As a result of her disability, in January 2013, Plaintiff required surgery to have her right ovary and fallopian tube removed and was out of work for approximately one month then went on light duty.

15. Plaintiff was on a Family Medical Leave 2013 as a result of her surgery.

16. In or about July 2015, Plaintiff started experiencing symptoms to her left ovary which caused her intermittent, severe pain.

17. As a result of needing time off when she experienced severe symptoms, on February 5, 2016, Ms. West informed her supervisor Dawna Swihart (who was acting within the scope of her employment with the Defendant) that she needed an accommodation for when she experienced these symptoms.

18. Ms. West's accommodation included the need to take off a few days a month or as needed, take regular breaks when her symptoms flared up, and avoid lifting heavy objects.

19. Although she did need a reasonable accommodation, Ms. West always performed her job duties in an exemplary fashion.

20. Defendant repeatedly refused to honor Ms. West's request for reasonable accommodation and continued to counsel her on taking time off despite having significant hours of unused vacation and sick leave.

21. Defendant disregarded Ms. West's disability and her need for leave as a result of her disability.

22. Defendant failed to engage in the interactive process.

23. On March 2, 2016, Ms. West applied for FMLA for these symptoms and condition and denied her on or about March 17, 2016.

24. Ms. West was improperly denied by saying that her condition was not serious enough.

25. On March 17, 2016, and again in September 2016, Ms. West re-applied for FMLA for the need for leave as a result of flare-ups due to her endometriosis.

26. On May 18, 2016, Ms. West's endometriosis symptoms flared up causing her to have to leave work 3.8 hours early.

27. Ms. West requested that this leave is considered leave under FMLA.

28. Defendant refused to give her an accommodation or treat this leave under FMLA and instead used this incident against her in her termination of employment as stated in her termination letter.

29. On October 21, 2016, Ms. West's FMLA request was finally approved for leave needed as a result of her endometriosis.

30. However, Defendant refused to change the leave taken on May 18, 2016, to FMLA leave even though it was eventually approved as FMLA leave.

31. Shortly thereafter, on January 31, 2017, Defendant terminated her employment for poor attendance including the leave taken as a result of her endometriosis which would have dropped off from her attendance record if it was counted as FMLA leave.

32. This absence of sick leave should have been leave under FMLA and not counted against her which caused her termination.

33. At the time of termination, Ms. West had 309 hours of unused sick leave and 187 hours of unused vacation leave.

34. Ms. West took other leave such as leave to attend a funeral and informed her supervisor in advance that she needed to attend a funeral. Her supervisor said that it would be approved.

35. Although she had a couple of minor instances when she reported to work on-time but forgot her badge not allowing her to clock in on-time, she was terminated for taking leave when her symptoms flared up and for applying for and requesting that she be given leave under FMLA.

## I. FEDERAL CAUSES OF ACTION

### A. COUNT I- RETALIATION IN VIOLATION OF FMLA

36. Plaintiffs incorporate by reference the foregoing paragraphs 1-35.

37. Defendant is an employer covered by the Family and Medical Leave Act pursuant to 29 U.S.C. 2601, *et seq*.

38. From 2015 to the date of her termination, Plaintiff was entitled to leave under the Family and Medical Leave Act, pursuant to 29 CFR 825.114.

39. Defendant engaged in prohibited conduct under the FMLA by interfering with, restraining or denying Plaintiffs' rights provided under the Act.

40. Defendant's action foreclosed Plaintiff's rights under the FMLA, including but not limited to terminating her employment for applying for, requesting, and/or taking leave under the FMLA.

41. Defendant's actions were intentional, with deliberate disregard for the rights and sensibilities of the Plaintiff.

42. As a direct and proximate result of Defendant's wrongful acts and omissions, Plaintiff sustained loss of earnings and earning capacity; loss of fringe and pension benefits; suffered mental anguish, physical and emotional distress; humiliation and embarrassment; loss of professional reputation, and loss of the ordinary pleasures of everyday life, including the right to pursue gainful employment of her choice.

**WHEREFORE**, on this count Plaintiff prays for judgment against the Defendant as follows:

a. Statutory damages for lost wages, benefits, and other compensation, plus interest thereon at the statutory rate, pursuant to 29 U.S.C. § 2617(a)(1)(A)(i) and 29 U.S.C. §§ 2617(a)(1)(A)(ii);

b. Additional liquidated damages in the amount of the above-requested award, pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

c. Equitable relief in the form of reinstatement or front pay, as the court deems appropriate, pursuant to 29 U.S.C. § 2617(a)(1)(B); and

d. Attorney's fees, expert witness fees, and costs of this action, pursuant to 29 U.S.C. § 2617(a)(3), and such other relief as this Court may deem just and proper.

**B. COUNT II- DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT AS AMENDED (ADAAA)**

43. Plaintiff incorporates by reference the foregoing paragraphs 1-42.

44. At all times material hereto, Plaintiff was an employee and Defendant her employer is covered by and within the meaning of Title I of the ADA as amended, 42 U.S.C. § 12111(5)(a).

45. At all times material hereto, Plaintiff was and is an individual with a disability within the meaning of 42 U.S.C. § 12102(1).

46. Plaintiff is a qualified individual with a disability as that term is defined in 42 U.S.C. § 12111(8).

47. Ms. West's endometriosis is a physical impairment that substantially limits one or more major life activities.

48. Defendant was aware of Ms. West's medical condition.

49. Defendant regarded Ms. West's medical condition as a physical impairment that substantially limited one or more major life activities.

50. Ms. West's disability, and/or record of a disability, and/or perceived disability was a factor that made a difference in Defendant's decision to terminate her employment.

51. Others not in her protected class were treated more favorably and were not terminated.

52. Defendant had a duty to engage in the interactive process and breached its duty to engage in the interactive process. *Barrett v. U.S. Air, Inc.*, 228 F3d 1105 (9th Cir. 2000).

53. Defendant had a duty to reasonably accommodate Ms. West by allowing her to take leave and Defendant breached its duty by failing to accommodate Plaintiff by not providing her leave when she suffered symptoms as a result of her disability.

54. Such accommodation was not an undue hardship for the Defendant.

55. The actions of Defendant were intentional and willful, in deliberate disregard of and with reckless indifference to the rights and sensibilities of Plaintiff.

56. As a direct and proximate result of Defendant's violation of Plaintiff's rights as alleged, Plaintiff's terms, conditions, and privileges of employment were adversely affected as her employment was terminated.

57. As a direct and proximate result of Defendants' wrongful acts and omissions, Plaintiff sustained injuries and damages including but not limited to, loss of earnings and earning capacity; loss of career opportunities; loss of fringe and pension benefits; mental anguish, physical and emotional distress; humiliation and embarrassment; loss of professional reputation; and loss of the ordinary pleasures of everyday life, including the right to pursue the gainful employment of her choice.

**WHEREFORE**, on this count Plaintiff prays for judgment against the Defendant as follows:

Back pay, front pay, reinstatement, pain and suffering, punitive damages, and attorney's fees, expert witness fees, and costs of this action, and such other relief as this Court may deem just and proper.

## II. STATE CAUSES OF ACTION

### A. COUNT III- DISCRIMINATION BECAUSE OF DISABILITY IN VIOLATION OF AS 18.80.220(a)(1)- TERMINATION.

58. Plaintiff incorporates by reference the foregoing paragraphs 1-57.

59. Defendant is covered by this act.

60. Ms. West is a qualified individual with a disability that substantially limits one or more major life activities as defined under AS § 18.80.300 (10), (14)(A) and (15)(A).

61. Ms. West's supervisors who were aware of her disability counseled her on taking too much sick leave despite her having plenty of unused sick and annual leave.

62. Ms. West was terminated in part for leaving early from work as a result of symptoms of her disability that was later approved as FMLA leave.

63. If this leave was counted as FMLA leave it would have dropped off her attendance record and she would not have been terminated.

64. Plaintiff was terminated on the basis of her disability in violation of AS § 18.80.220 (a)(1).

### B. COUNT IV- DISCRIMINATION BECAUSE OF DISABILITY IN VIOLATION OF AS 18.80.220- DISPARATE TREATMENT

65. Plaintiff incorporates by reference the foregoing paragraphs 1-64.

66. Plaintiff has been treated in a disparate manner on the basis of her disability.

67. Other employees who do not have a disability are treated more favorably.

### C. COUNT V- DISCRIMINATION BECAUSE OF DISABILITY IN VIOLATION OF AS 18.80.220- BREACH OF DUTY TO ENGAGE IN INTERACTIVE PROCESS AND PROVIDE REASONABLE ACCOMMODATION

68. Plaintiff incorporates by reference the foregoing paragraphs 1-67.

69. Defendant had a duty to engage in the interactive process and reasonably accommodate Plaintiff.

70. Defendant breached its duty and should have allowed her approved leave as a result of her disability and not use it against her in terminating her employment.

71. Plaintiff's absence as a result of her disability was counted as an excessive absence, and because it did not drop off her rolling attendance record, she was terminated.

### D. COUNT VI- BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

72. Plaintiff incorporates by reference the foregoing paragraphs 1-71.

73. Plaintiff's employment with the Defendant includes the implied covenant of good faith and fair dealing which is embodied in every employment relationship entered into in Alaska and imposes a duty on Defendant to treat its employees in a fair, equitable, nonbiased, and nondiscriminatory manner.

74. Defendant breached its duty when it terminated Plaintiff for not allowing her leave to be used as leave under FMLA when it was approved as FMLA leave, counseling her for absences when having to take leave as a result of her disability and not providing her a reasonable accommodation, and terminating her employment shortly after her FMLA leave got approved, and otherwise treating her in an unfair, inequitable, and discriminatory manner.

75. Defendant also breached its duty as it failed to supervise properly, monitor, properly train or admonish Ms. West's supervisor's discriminatory behavior and actions.

76. As a result of Defendant's breaches, Defendant and its employees caused Plaintiff damages including lost wages and pain and suffering.

### E. SIXTH CAUSE OF ACTION- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

77. Plaintiff incorporates by reference the foregoing paragraphs 1-76.

78. As a result of the intentional and extreme and outrageous conduct by Defendant and its employees, including the unfair and discriminatory treatment and adverse actions that were taken against Plaintiff, Defendant caused Plaintiff to suffer medical damages and severe emotional distress.

### RELIEF REQUESTED

For all of the foregoing reasons, Plaintiff Ka West demands judgment

against Defendants as follows:

A. **Legal Relief:**

1. Compensatory damages in whatever amount she is found to be entitled;

2. Exemplary and punitive damages in whatever amount she is found to be entitled;

3. A judgment for lost wages and benefits, past and future, in whatever amount she is found to be entitled; and,

4. An award of interest, costs and reasonable attorney fees.

B. **Equitable Relief:**

1. An order out of this Court re-instating Plaintiff to the position she would have held had there been no wrongdoing by Defendant;

2. An injunction out of this Court prohibiting any further acts of discrimination or retaliation;

3. An award of interest, costs and reasonable attorney fees; and,

4. Whatever other equitable relief appears appropriate at the time of final judgment.

        Respectfully submitted,

        Dated April 23, 2018:

        */s Sara L. Bloom*
        Sara L. Bloom
        Alaska Bar No. 1509071
        Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

The Plaintiff demands a trial by jury on all issues so triable.

*s/ Sara L. Bloom*